EILERT R. OELTJEN *et al.*

*v.*

THE PEOPLE, for use of County of Menard.

160    409
197    ¹588

*Filed at Springfield March 30, 1896.*

1. BONDS—*of county treasurer—effect of insolvency of bank holding county funds.* Insolvency of a bank still doing business, in which a county treasurer has funds of the county on deposit, is not, of itself, an "official delinquency" which fixes the liability of the sureties upon such treasurer's bond, within the meaning of the statute. (Rev. Stat. chap. 103, sec. 11.)

2. SAME—*default because of bank failure—liability of sureties on new bond.* Sureties upon a new bond given by a county treasurer, under the statute, (Rev. Stat. chap. 103, sec. 10,) are liable for such treasurer's default because of the failure of a bank in which the county funds were on deposit, even though such bank was insolvent when the new bond was given.

*People* v. *Oeltjen,* 56 Ill. App. 138, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Menard county; the Hon. CYRUS EPLER, Judge, presiding.

N. W. BRANSON, for appellants:

Where money is received under a prior bond and not accounted for, the delinquency occurs under that bond, although the demand and refusal may have been made after the execution of a later bond; and as to such later bond it is a past delinquency. *Thompson* v. *Dickerson*, 22 Iowa, 360; *Bessinger* v. *Dickerson*, 20 id. 260; *Freeholders of Warren* v. *Wilson*, 16 N. J. L. 110; *Farrar* v. *United States*, 5 Pet. 373; *Sebastian* v. *Bryan*, 21 Ark. 447; *Myers* v. *United States*, 1 McLean, 493.

The contract of the surety is, that the officer shall pay over all moneys that come into his hands after execution of the bond. *United States* v. *Linn*, 2 McLean, 501.

Where a new bond is given in place of the original bond, the liability on such new bond is prospective, only. *Lowry* v. *State*, 64 Ind. 421.

For moneys received and converted or lost before the execution of a new bond, the former, and not the latter, sureties are liable. *Stern* v. *People*, 96 Ill. 475; *Trustees* v. *Smith*, 88 id. 181; *McIntyre* v. *School Trustees*, 3 Ill. App. 77; *Potter* v. *Trustees*, 11 id. 280; *Sebastian* v. *Bryan*, 21 Ark. 447; *Farrar* v. *United States*, 5 Pet. 373; *United States* v. *Boyd*, 15 id. 187; *United States* v. *Linn*, 1 How. 104; 2 McLean, 501; *United States* v. *Eckford's Exr.* 1 How. 250; *United States* v. *Stone*, 16 Otto, 525; *Bruce* v. *United States*, 17 How. 437; *Myers* v. *United States*, 1 McLean, 493; *Freeholders of Warren* v. *Wilson*, 16 N. J. L. 110; *Vivian* v. *Otis*, 24 Wis. 418.

It is, as a general rule, unnecessary to allege or prove a demand upon the principal in order to maintain an action against the sureties on his official bond. 2 Brandt on Suretyship, (2d ed.) sec. 589.

T. W. McNEELY, and CHARLES NUSBAUM, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of debt on the official bond of Eilert R. Oeltjen, as county treasurer of Menard county, on which the other appellants are sureties. There was a judgment against appellants, which has been affirmed by the Appellate Court.

It is objected that the damages allowed were excessive, on account of a failure to give a credit to which the treasurer was entitled, but that question has been settled by the affirmance of the judgment in the Appellate Court.

The case was tried by the court, without a jury, and the defendants submitted to the court nine propositions of law to be held as the law of the case, but they were refused. These propositions, in various forms of expression, were designed to cover the defense made at the trial, and to declare that under the circumstances proved there was no legal liability on the bond. The refusal is complained of as error.

Oeltjen had given a previous bond as treasurer, and on October 9, 1893, one of the sureties on that bond served him with a notice in writing of a desire to be released from his liability. In pursuance of said notice the bond in suit was given October 19, 1893, in accordance with the provisions of section 10, chapter 103, of the Revised Statutes, entitled "Official Bonds." Section 11 of that chapter regulates the liabilities of the sureties on the new bond, as follows: "If a new bond shall be given by any officer, as provided in the foregoing sections of this act, then the former sureties shall be entirely released and discharged from all liabilities incurred by any such officer in consequence of business which may have come to hand from and after the time of the approval of the said new bond, and the sureties to the new bond are hereby declared to be liable for all the official delinquencies of said officer, whether of omission or commission,

which may occur after the approval of the new bond, as aforesaid; but the provisions of this act shall not be so construed as to operate as a release of the sureties of any of the aforesaid officers for liabilities incurred previous to the filing of a new bond, as required in the foregoing sections of this act."

The public funds involved had been received before the execution of this bond, and deposited in the bank of John G. Strodtmann, at Petersburg, in said county. It is not claimed that this act was a misappropriation of such money, but it is conceded that a county treasurer, in the discharge of his duties to safely keep the public moneys, may properly deposit them for safe keeping in a bank. It was shown, however, that Strodtmann afterwards, on November 15, 1893, closed his bank and executed a voluntary assignment for the benefit of creditors, and that at the time this bond was made Strodtmann's assets did not equal his liabilities, and on that ground it is claimed that the official delinquency occurred at the time of the deposit. It appeared that Strodtmann's liabilities were more than double his assets, and that during this period he was only enabled to continue business by disposing of property and by other temporary makeshifts. After the failure of the bank the treasurer, in December, 1893, failed to pay on demand, and this was caused by the failure of the bank. It is argued that the treasurer's failure did not constitute an official delinquency of that officer occurring after the approval of the bond, for the reason that the money had been deposited in an insolvent bank before the bond was executed. Seven small county orders were presented to and paid by Strodtmann after the bond was executed, while the bank was open, amounting to $97. The bank was kept open doing business with the public, and checks were paid, until the assignment. The only question is whether the fact, disclosed by subsequent examination, that the assets of Strodtmann's bank at the time the bond was executed did not equal the lia-

bilities, constituted an official delinquency. We have no hesitation in answering that question in the negative. Strodtmann was doing business for the public as a banker and receiving moneys for safe keeping, and his assets, even at the time of the failure, were many times the amount of the treasurer's deposit. The only argument here is, that if a check or county order for the whole amount had been presented Strodtmann could not have paid it. An examination and balancing of his accounts at a period previous to the suspension, to ascertain whether a check for the whole amount of the treasurer's deposit would have been honored if it had been presented, would determine nothing. The treasurer had not misappropriated the money or placed it beyond his control in any manner. It was subject to his check and to be drawn at will, and there was no official delinquency until the bank ceased to do business and to honor such checks as were presented to it for payment. This did not occur until November 15, 1893.

Cases cited of official bonds, where the only duty of the official is to pay over the money upon receiving it and a failure to pay over the same constitutes a default, where it is said that the breach of duty occurs at the time the money is received and not paid over, are not in point. The duty of the county treasurer is to retain the money and pay it out on lawful orders or pay it over to his successor. In such case there is no delinquency at the time the moneys are received, but that occurs only when they are misappropriated or there is a failure to disburse them pursuant to law.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*